UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DANIEL WELLINGTON, | ) Case No. 3:16CV0098 |
| | ) |
| Petitioner, | ) |
| | ) JUDGE DONALD NUGENT |
| v. | ) MAGISTRATE JUDGE DAVID A. RUIZ |
| | ) |
| JASON BUNTING, | ) |
| | ) |
| Warden, Respondent | ) REPORT AND RECOMMENDATION |

Petitioner Daniel Wellington ("Wellington" or "petitioner") has filed a petition *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case of *State of Ohio v. Wellington*, Case No. 11CR866 (Mahoning County Aug. 13, 2014 ). (R. 9, RX 12.) The petition stems from Wellington's 2013 conviction for involuntary manslaughter in the Mahoning County (Ohio) Court of Common Pleas. (R. 1.) Wellington's petition raises a single ground for relief:

> 1. Trial court erred in sentencing Appellant to maximum sentencing without supporting it on Record violating Due Process and Equal Protection.

(R. 1, § 12.)

1

The petition is before the magistrate judge pursuant to Local Rule 72.2(b)(2). The respondent has filed a Return of Writ (R. 9), and Wellington has filed a Traverse (R. 11.) For the following reasons, the magistrate judge recommends that the petition be denied.

I. PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following procedural background:

In August 2011, Appellant was indicted for one count of murder. Eventually a plea agreement was reached and Appellant pled guilty to one count of involuntary manslaughter, a first-degree felony in violation of R.C. 2903.04(A)(C). Appellant was sentenced on April 13, 2013 to an 11 year sentence. *State v. Wellington,* 7th Dist. No. 13MA90, 2014–Ohio–1179, ¶ 4 ("*Wellington* I").

He appealed the sentence to our court arguing that the sentence was contrary to law because the maximum sentence for a first-degree felony pursuant to the version of R.C. 2929.14(A)(1) that was in effect at the time of the commission of the offense was ten, not eleven years. *Id.* at ¶ 6–7. The state agreed and confessed error. *Id.* at ¶ 8. Upon review, we discussed the prior version of R.C. 2929.14(A)(1) and the current version of R.C. 2929.14(A)(1) that was enacted as part of House Bill 86 ("H.B.86"). *Id.* at ¶ 10–13. We acknowledged that H.B. 86 changed the possible prison terms for felonies. However, the bill did not become effective until after the commission of the offense and the provisions of H.B. 86 indicated it does not apply retroactively. *Id.* at ¶ 12–13. Accordingly, this court reversed the sentence and remanded the matter to the trial court with instructions for it to utilize the version of R.C. 2929.14(A)(1) that was in effect on the date Appellant committed the offense. *Id.* at ¶ 17.

The re-sentencing hearing was held on August 13, 2014. The trial court imposed a 10 year sentence, the maximum allowable by law. 8/14/14 J.E.; 8/13/14 Tr. 10.

(R. 9, RX 17, PageID #: 109-110; *State v. Wellington,* No. 14MA115, 2015 WL 1517507, at *1 (Ohio Ct. App. Mar. 31, 2015).)

Wellington filed a timely appeal of his re-sentencing, and raised the following assignment of error:  "The trial court erred when it failed to make the requisite findings for imposing a maximum sentence pursuant to the pre-House Bill 86 version of Revised Code Section 2929.14(C)." (R. 9, RX 15.) On March 31, 2015, the state court of appeals affirmed the sentence of the trial court. (R. 9, RX 17; *Wellington,* 2015 WL 1517507.) The state court of appeals determined that, under applicable state law, "the trial court was not required to make maximum sentencing findings." (R. 9, RX 17, PageID #: 109; *Wellington,* 2015 WL 1517507, at *1, discussing *State v. Foster,* 109 Ohio St.3d 1, 845 N.E.2d 470 (2006).)  Wellington filed two motions for reconsideration, each of which was denied. (R. 9, RX 19-22.)

Wellington filed a timely appeal to the Supreme Court of Ohio, and set forth the following propositions of law:

   1.  I was denied right to appeal.

   2.  Sentence contrary to law.

   3.  I was denied effective assistance of counsel from trial and/or appeal counsel.

(R. 9, RX 24.) The Ohio Supreme Court declined to accept jurisdiction of the appeal. (R. 9, RX 25; *State v. Wellington,* 143 Ohio St.3d 1502, 39 N.E.3d 1272 (2015).)

3

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in *Williams v. Taylor*, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2002). *See also Lorraine v. Coyle*, 291 F.3d 416, 421-422 (6th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405. *See also Price v. Vincent,* 538 U.S. 634, 640 (2003). A state court decision, however, is not unreasonable simply because the federal court considers the state decision to be erroneous or

4

incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. *Williams,* 529 U.S. at 410-12; *Lorraine,* 291 F.3d at 422.

In this case, Wellington has filed his petition *pro se*. The pleadings of a petition drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. *Urbina v. Thoms,* 270 F.3d 292, 295 (6th Cir. 2001) (citing *Cruz v. Beto,* 405 U.S. 319 (1972); *Haines v. Kerner,* 404 U.S. 519 (1972) (per curiam)). No other special treatment is afforded litigants who decide to proceed *pro se. McNeil v. United States,* 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); *Jourdan v. Jabe,* 951 F.2d 108 (6th Cir. 1991); *Brock v. Hendershott,* 840 F.2d 339, 343 (6th Cir. 1988).

The question before this federal habeas court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Federal habeas relief is not available for a claimed violation of state law, thus any alleged violation of Ohio law is not properly before this court. *See Lewis v. Jeffers,* 497 U.S. 764, 780 (1990).

### III. PROCEDURAL DEFAULT

The respondent contends that Wellington's sole ground for relief is procedurally defaulted. (R. 9, PageID #: 40-42.)

5

A habeas claim may be procedurally defaulted in two distinct ways. First, by failing to comply with state procedural rules. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006) (citing *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986)). Second, a claim may be procedurally defaulted by failing to raise the claim in state court and not pursuing it through the state's ordinary review process. *Williams,* 460 F.3d at 806 (citing *O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999)).

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies. *Coleman v. Thompson,* 501 U.S. 722, 731 (1991); *Buell v. Mitchell,* 274 F.3d 337, 349 (6th Cir. 2001) (citing *Coleman v. Mitchell,* 244 F.3d 533, 538 (6th Cir.), *cert. denied,* 534 U.S. 977 (2001)).  To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan,* 526 U.S. at 845. The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims. *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994) (citing *Manning v. Alexander,* 912 F.2d 878, 881 (6th Cir. 1990)).

The Sixth Circuit has held, "the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money,* 142 F.3d 313, 322 (6th Cir. 1998); *see also Brandon v. Stone,* No. 06-5284, 2007 WL 786330, at *1 (6th Cir. March 15, 2007) (citing *Williams v. Bagley,* 380 F.3d 932, 969 (6th Cir. 2004)); *Jalowiec v. Bradshaw,*

6

No. 1:03CV0645, 2008 WL 312655, at *24 (N.D. Ohio Jan. 31, 2008), *aff'd*, 657 F.3d 293 (6th Cir. 2011), *cert. denied*, 133 S.Ct. 107 (2012). Where the petitioner failed to present a claim in state court, a habeas court may deem that claim procedurally defaulted because the Ohio state courts would no longer entertain the claim. *Adams v. Bradshaw*, 484 F.Supp.2d 753, 769 (N.D. Ohio 2007) (citing *Buell*, 274 F.3d at 349).

This court does not have jurisdiction to consider a federal claim in a habeas petition that was not fairly presented to the state courts. *Baldwin v. Reese*, 541 U.S. 27 (2004); *Jacobs v. Mohr*, 265 F.3d 407, 415 (6th Cir. 2001). The Sixth Circuit has stated:

> A claim may only be considered "fairly presented" if the petitioner asserted both the factual and legal basis for his claim to the state courts. This court has noted four actions a defendant can take which are significant to the determination whether a claim has been "fairly presented":  (1) reliance upon federal cases employing constitutional analysis;  (2) reliance upon state cases employing federal constitutional analysis;  (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right;  or (4) alleging facts well within the mainstream of constitutional law.

*McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000), *cert. denied*, 532 U.S. 958 (2001) (citing *Franklin v. Rose*, 811 F.2d 322, 325-326 (6th Cir. 1987)). *See also Hicks v. Straub*, 377 F.3d 538, 552-554 (6th Cir. 2004), *cert. denied*, 544 U.S. 928 (2005). A habeas petitioner must present his claim as a federal constitutional issue—rather than an issue arising solely under state law—in order to fairly

7

present the claim to the state courts. *Koontz v. Glossa,* 731 F.2d 365, 368 (6th Cir. 1984).

Wellington's claim on appeal in state court was: "The trial court erred when it failed to make the requisite findings for imposing a maximum sentence pursuant to the pre-House Bill 86 version of Revised Code Section 2929.14(C)." (R. 9, RX 15.) Wellington presented the claim solely as an issue of Ohio statutory law. *See, e.g.,* R. 9, RX 15, PageID #: 94 ("... trial court did not comply with the applicable [Ohio] statute"), and PageID #: 95 ("... trial court made none of the findings required by this [Ohio] statute").

In contrast, the federal habeas claim he raises now contends that the trial court erred in sentencing him to the maximum term in violation of his due process and equal protection rights. This specific constitutional claim was not raised in state court, however.

Wellington did not exhaust his claim by raising it as a federal constitutional claim on direct appeal before the state court of appeals. *See* R. 9, RX 15. Because the claim was not raised in the state court of appeals, it is procedurally defaulted and barred by the Ohio doctrine of res judicata. *Lott v. Coyle,* 261 F.3d 594, 611-612 (6th Cir. 2001), *cert. denied,* 534 U.S. 1147 (2002); *Rust,* 17 F.3d at 160-161; *State v. Szefcyk,* 77 Ohio St.3d 93, 671 N.E.2d 233 (1996) (syllabus); *State v. Perry,* 10 Ohio St.2d 175, 176, 226 N.E.2d 104, 105-106 (1967) (syllabus, ¶9). The Ohio Supreme Court has explained, "[u]nder the doctrine of res judicata, a final judgment of

8

conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that…could have been raised by the defendant…on an appeal from that judgment." *Szefcyk*, 77 Ohio St.3d at 93, 671 N.E.2d at 233-234 (syllabus). Res judicata would bar Wellington from litigating an issue that could have been raised on direct appeal. *Perry*, 10 Ohio St.2d at 180, 226 N.E.2d at 108.

Wellington concedes that his claim "would appear to be procedurally defaulted." (R. 11, PageID #: 171.) However, he argues that this court should apply the "fundamental miscarriage of justice exception" to excuse his procedural default. *Id.*

The fundamental miscarriage of justice exception applies only to a "narrow range of cases." *Schlup v. Delo*, 513 U.S. 298, 314-315 (1995) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). The Supreme Court has instructed that the exception should remain rare, applied only in extraordinary circumstances. *Id.* at 321. "To ensure that the fundamental miscarriage of justice exception would remain 'rare' and would be applied in the 'extraordinary case,' while at the same time ensuring that the exception would extend relief to those who were truly deserving, this Court explicitly tied the miscarriage of justice exception to the petitioner's innocence." *Id.*

9

This narrow exception to the procedural default rule is applicable "when the habeas applicant can demonstrate that the alleged constitutional error has resulted in the conviction of one who is actually innocent of the underlying offense." *Dretke v. Haley,* 541 U.S. 386, 388 (2004) (citing *Murray v. Carrier,* 477 U.S. 478 (1986)). The Sixth Circuit has explained:

> . . . the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." The [Supreme] Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." "To be credible, such a claim requires petitioner to support his allegations of constitutional error with *new reliable evidence* – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – *that was not presented at trial.*" The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'"

*Souter v. Jones,* 395 F.3d 577, 589-590 (6th Cir. 2005) (emphasis added) (internal citations omitted). Wellington, however, does not provide any new reliable evidence – or, indeed, any evidence – that would tend to establish his innocence, for purposes of overcoming his procedural default. Therefore, there is no basis to consider the narrow miscarriage of justice exception to the procedural default rule.

IV. SENTENCING

Even if Wellington had properly exhausted his constitutional claim, this court would not find his claim to have merit. The petition alleges a due process violation,

10

premised upon the trial court imposing the maximum sentence available under state law. Wellington argues that the trial court violated state law by imposing the sentence without making required sentencing findings on the record. (R. 1, § 12.)

Wellington's challenge to the state court's interpretation and application of Ohio's sentencing laws is not cognizable in a federal habeas corpus action. *See, e.g.*, *Terry v. Trippett*, 62 F.3d 1418, 1995 WL 469424, at \*1 (6th Cir. 1995) (TABLE, text in WESTLAW) (citing *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (per curiam)). Federal habeas relief is not available for a claimed error of state law. *Lewis*, 497 U.S. at 780; *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000).

As long as the sentence does not exceed the statutory maximum, "trial courts have historically been given wide discretion in determining 'the type and extent of punishment for convicted defendants.'" *Austin*, 213 F.3d at 301 (quoting *Williams v. New York*, 337 U.S. 241, 245 (1949)); *Rossbach v. Turner*, No. 3:13CV552, 2015 WL 3953063, at \*3 (N.D. Ohio June 29, 2015) (sentence that falls within penalty set by statute does not violate Constitution, citing *Austin*). The above procedural background makes clear that Wellington's original eleven-year sentence was reversed because the trial court applied the wrong Ohio statute, but that on remand the trial court imposed a ten-year sentence—the maximum sentence under the applicable Ohio statute. *See* section I (R. 9, RX 17, PageID #: 109-110; *Wellington*, 2015 WL 1517507, at \*1). The state court of appeals confirmed on direct appeal that

petitioner's underlying ten-year sentence was within the statutory limits. (R. 9, RX 17, PageID #: 109.)

Habeas relief is only available if the petitioner demonstrates that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *Williams,* 529 U.S. at 412-413; *Lewis,* 497 U.S. at 780. Wellington has not established that the state court decision regarding his sentencing was contrary to, or involved an unreasonable application of, clearly established federal law.

## V. CONCLUSION

The petition for a writ of habeas corpus should be denied. The sole ground for relief in petitioner's petition is procedurally defaulted because petitioner did not exhaust that claim in the state courts, as set forth above.


Date:   October 10, 2017                    s/ *David A. Ruiz*
                                            David A. Ruiz
                                            United States Magistrate Judge


## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate

Judge's recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985); *see also United States v. Walter*s, 638 F.2d 947 (6th Cir. 1981).