# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL WELLINGTON, | ) | CASE NO. 3:16CV98 |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| JASON BUNTING, | ) | ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |
| Warden, Respondent | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge David A. Ruiz. The Report and Recommendation (ECF # 13), issued on October 10, 2017, is hereby ADOPTED by this Court, without objection.

On January 15, 2016, Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2013 conviction for involuntary manslaughter in the Mahoning County Court of Common Pleas. (ECF #1). Petitioner raised a single ground for relief:

> Trial court erred in sentencing Petitioner to maximum sentencing without supporting it on Record violating Due Process and Equal Protection.

(ECF #1, § 12).

Respondent failed a Return of Writ (ECF #9) and Petitioner filed a Traverse (ECF #11).

Magistrate Judge Ruiz found that Petitioner's sole ground for relief was procedurally defaulted because Petitioner did not exhaust his claim in state court. Therefore, Magistrate Judge Ruiz recommends that this petition be DENIED. Petitioner has not filed an Objection to the Report and Recommendation. This Court adopts the Magistrate Judge's recommendations for the reasons set forth below.

I. Discussion

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. Petitioner failed to timely file objections to the Report and Recommendation, therefore, this court "need only satisfy itself that there is no clear error on the fact of the record in order to accept the recommendation." *See Miller v. Schweitzer*, 2017 WL 4574584 (N.D.Ohio Oct. 13, 2017), *2 (citation omitted).

This standard of review is distinct from the standard of review under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law...
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. §2254(d).

Furthermore, a reviewing Federal court is obligated to accept a state court's interpretation of the state's statutes and rules of practice, as it is presumed to be correct. 28 U.S.C. §2254(e).

Judge Magistrate Ruiz found that Petitioner's claim on appeal in state court dealt solely with an issue of Ohio law - "whether the trial court erred when it failed to make the requisite findings for imposing a maximum sentence ... pursuant to R.C. Section 2929.1(C)." (ECF #13, p. 8). A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Therefore, Magistrate Judge Ruiz found that this court does not have jurisdiction to consider Petitioner's federal claim in a habeas petition that was not fairly presented to the state court. *See Baldwin v. Reese*, 541 U.S. 27 (2004). Furthermore, Magistrate Judge Ruiz declined to apply the "fundamental miscarriage of justice" exception to excuse the procedural default.

Finally, Magistrate Judge Ruiz found that Petitioner's challenge to the state court's interpretation and application of Ohio's sentencing laws is not cognizable in a federal habeas corpus action. (ECF #13, p. 11). This Court agrees with these findings, and therefore, adopts the Magistrate Judge's Report in its entirety.

Further, for the reasons stated in the Magistrate Judge's Report and Recommendation, a reasonable jurist could not conclude that dismissal of the Petition is in error or that Petitioner should be permitted to proceed further. To the extent that Petitioner's claims were rejected on the merits, reasonable jurists could not find the assessment of Petitioner's Constitutional claims to be debatable or wrong. Accordingly, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

II. Conclusion

The Court has reviewed *de novo* the Report and Recommendation, *see Ohio Citizen Action v. City of Seven Hills*, 35 F. Supp. 2d 575, 577 (N.D. Ohio 1999), and found that Magistrate Judge Ruiz was thorough and correct in his application of the law and assessment of the relevant facts. The Court, therefore, ADOPTS the Magistrate Judge's Report and Recommendation in its entirety and rules that Petitioner's Motion to habeas corpus is DENIED.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: November 22, 2017